IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ENVISTACOM, LLC, ALAN CARSON, VALERIE HAYES, and PHILIP FLORES,<br><br>Defendants. | Criminal Action No.<br>1:22-cr-00197-VMC |

**ORDER**

This matter is before the Court on the Magistrate Judge's Report, Recommendation, and Order ("R&R") (Doc. 95) issued by the Honorable Russell G. Vineyard, United States Magistrate Judge on November 14, 2022.

**I.    Background**

On May 25, 2022, the grand jury returned an indictment charging Defendants Envistacom, LLC ("Envistacom"), Alan Carson ("Carson"), Valerie Hayes ("Hayes"), and Philip Flores ("Flores"), collectively referred to as "Defendants," with one count of conspiring to defraud the United States, in violation of 18 U.S.C. § 371, and two counts of major fraud against the United States, in violation of 18 U.S.C. §§ 1031 and 2. (Doc. 1). A violation of 18 U.S.C. § 371 has a five-year statute of limitations. 18 U.S.C. § 3282; *United States v. Anderson*, 326 F.3d 1319, 1328 (11th Cir. 2003) ("The parties agree that the statute

of limitations period for a charge brought under both the Sherman Antitrust Act and § 371 is five years."). In this case, the conspiracy allegedly began "no later than in or about September 2014 and continu[ed] to at least in or about November 2016" with the last overt act occurring on or about October 25, 2016. (Doc. 1 at 1, 7-8).

Without a tolling agreement, the limitations period for the conspiracy count would have run on or around October 26, 2021. However, prior to the return of the indictment, Flores and Hayes entered into tolling agreements with the United States Department of Justice, Antitrust Division. On October 11, 2021, Flores's counsel signed a tolling agreement agreeing that "the time period between September 23, 2021 and September 23, 2022, shall be excluded from any calculator or computation of time and shall be tolled for the purposes of the statute of limitations period which is or might be applicable to any criminal charge." (Doc. 81-2 at 1). That same month, Hayes and her counsel signed a tolling agreement wherein Hayes agreed that "the time period between October 7, 2021 and April 2, 2022, shall be excluded from any calculation or computation of time and shall be tolled for the purposes of the statute of limitations period which is or might be applicable to any criminal charge." (Doc. 80-1 at 2). On March 14, 2022, Hayes and her counsel, via an amendment to the tolling agreement, agreed to extend the limitations period through June 7, 2022. (Doc. 80-2).

Both Flores's and Hayes's tolling agreements have almost identical terms. Paragraph 3 provides that, "The United States is conducting a grand jury investigation in the Northern District of Georgia and elsewhere,[1] into possible criminal antitrust and related violations of federal laws with respect to United States government contracting ('subject acts')." (Doc. 80-1 at 2; Doc. 81-2 at 1). Paragraph 4, in part, states: "The United States is considering what actions to take with respect to" Flores and Hayes "in connection with possible violations of federal criminal law relating to the subject acts." (Doc. 80-1 at 2; Doc. 81-2 at 1). Paragraph 5 states:

> It is in the interest of the United States and [Flores/Hayes] that the United States has sufficient time to make reasoned determinations concerning these matters and that the parties have sufficient time to continue discussions concerning the matters. In order to allow time for these discussions, [Flores/Hayes] agrees with the United States that the [agreed upon time period] shall be excluded from any calculation or computation of time and shall be tolled for the purposes of the statute of limitations period which is or might be applicable to any criminal charge.

(Doc. 80-1 at 2; Doc. 81-2 at 1). Finally, in paragraph 6, Flores and Hayes did "not waive any defenses [they] may have with respect to any criminal charge in connection with the subject acts, including defenses based upon the operation of any statute of limitations prior to [the dates specified]," but agreed "that the period

---

[1] "[A]nd elsewhere" is not in Hayes's tolling agreement. (*See* Doc. 80-1 at 1).

tolled by [the agreements] must be excluded from any computation of the time for the purposes of any statute of limitations defense of [Flores and Hayes] to any criminal charges." (Doc. 80-1 at 2; Doc. 81-2 at 1).

Flores and Hayes moved to dismiss the conspiracy count (Count One) arguing that it was barred by the five-year statute of limitations. (Docs. 80, 81). The Magistrate Judge recommended denial of their motions. (Doc. 95 at 36). Hayes filed objections to the recommended denial of her motion (Doc. 104), which Flores moved to adopt (Doc. 105).

## II. Discussion

### A. Standard of Review

The district court reviewing an R&R "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party objecting to a R&R "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). If neither party objects, the district judge need only review the R&R for clear error and "may accept, reject, or modify, in whole

or in part, the findings or recommendations made by the magistrate judge."[2] 28 U.S.C. § 636(b)(1)(C).

### B. Hayes's Objections

After analyzing the language in the tolling agreements, the Magistrate Judge denied the motions to dismiss the indictment. The Magistrate Judge determined that Flores and Hayes agreed to toll the statute of limitations applicable to "any criminal charge" without tying it to the specific subject acts under investigation. Additionally, the Magistrate Judge found that even if there was ambiguity in the tolling agreements, Flores's and Hayes's agreement to toll the statute of limitations applied to the offense of conspiracy to defraud the United States because that offense is a "related violation[] of federal laws with respect to United States government contracting."

Hayes's first objection is that the Magistrate Judge failed to construe the tolling agreement as a whole by reading only paragraph 5. However, the Magistrate Judge clearly considered and analyzed multiple provisions in the tolling agreements before determining that the motions to dismiss should be denied. (*See* Doc. 95 at 35) (The Court "has construed the agreements in their

---

[2] Envistacom, Carson, and Hayes filed motions for a bill of particulars. (Docs. 30, 46, 47). They did not object to the Magistrate Judge's denial (or partial denial) of those motions. The Court has reviewed the Magistrate Judge's R&R on these motions for plain error and finds none.

5

entirety."). Hayes argues that the only matters tolled are "possible criminal antitrust and related violations of federal law with respect to United States government contracting ('subject acts')." (Doc. 104 at 3). However, if that were the case, the agreement would use "subject acts," as it did in paragraph 6, rather than "matters." (Doc. 80-1 at 2; Doc. 81-2) ("Flores does not waive any defenses it might have with respect to any criminal charge in connection with the subject acts…"). Although "matters" is not explicitly defined, a reading of paragraphs 3 through 6 together indicates that "matters" must be broader than "subject acts." The Court finds that it is Hayes who is trying to read only one part of the tolling agreement and overrules Hayes's objection that the Magistrate Judge did not consider the entire agreement.

Next, Hayes argues that as construed by the Magistrate Judge, the tolling agreement is ambiguous and that any ambiguities should be construed against the Antitrust Division. Hayes goes on to state that, "[i]f, as the Recommended Order found, the Government preserved the ability to charge Ms. Hayes with *any crime* without limit, Ms. Hayes certainly did not get the benefit of the bargain and there was no meeting of the minds as to the contract terms. (Doc. 104 at 4-5). First, the Magistrate Judge did not find that Hayes could be charged with *any crime*. Instead, the Magistrate Judge found that the conspiracy count falls within the scope of the

6

"subject acts" because it is a "related violation[] of federal law with respect to United States government contracting" that was under grand jury investigation:

> In other words, the offense of conspiring to defraud the United States, in violation of 18 U.S.C. § 371, in connection with procuring government contracts, awarded as sole-source set-aside contracts under the SBA 8(a) program, by the fraudulent means described in the indictment involving alleged collusion between the individual defendants, their companies, and various co-conspirators clearly falls within the scope of the "subject acts" defined in paragraph 3 as "possible antitrust and related violations of federal laws with respect to United States government contracting."

(Doc. 95 at 34). Moreover, and as the Magistrate Judge found, the plain language of paragraph 6 provides that the tolled time period would be excluded for "the purposes of any statute of limitations defense of Hayes as to any criminal charges." (Doc. 80-1 at 2). Therefore, the Court finds that there was no ambiguity on the offenses that could be tolled and denies Hayes's objection on that ground.

Third, Hayes objects on the basis that the conspiracy count is wholly unrelated to any type of antitrust facts or claims and therefore could not be tolled. As explained above, the Court has already found that the tolled time period was excluded for any statute of limitations defense as to any criminal charge. Additionally, and as stated above, the Court agrees with the Magistrate Judge that the conspiracy count falls within the definition of the "subject acts" because it is a "related violation[] of federal laws with respect to United States government

7

contracting." As the Magistrate Judge found, Hayes's construction would render that text superfluous. The Court also notes that Hayes's construction ignores the use of "possible" in the phrase "possible criminal antitrust and related violated violations of federal laws with respect to United States government contracting," which is yet another indicator that the Antitrust Department was not limited solely to antitrust offenses.

Finally, even if the Court applied Hayes's interpretation, Hayes's argument would still fail because the conspiracy count is related to antitrust violations. The Department of Justice's antitrust primer explains, "The competitive [bidding] process only works, however, when competitors set prices honestly and independently. When competitors collude, prices are inflated and the customer is cheated. Price fixing, bid rigging, and other forms of collusion are illegal and are subject to criminal prosecution by the Antitrust Division of the United States Department of Justice." Dep't of Justice, Antitrust Div., *Price Fixing, Bid Rigging, and Market Allocation Schemes: What They Are and What to Look For: An Antitrust Primer* (Feb. 2021), https://www.justice.gov/atr/file/810261/download. In addition to prosecution under the Sherman Act, "collusion among competitors may constitute violations of the mail or wire fraud statute, the false statements statute, or other federal felony statutes, all of which the Antitrust Division prosecutes." *Id.* Here, the indictment states that Independent

Government Cost Estimates ("IGCEs") were meant to provide "an independent basis to determine the fair and reasonable price" for contracts. (Doc. 1 at 3). The Defendants allegedly "[c]oordinated in preparing IGCEs for those 8(a) sole-source government contract procurements to ensure that Co-Conspirator A's proposal pricing would be lower than the IGCEs;" and "[c]oordinated in preparing and procuring purported 'competitive quotes' from Co-Conspirator B, Co-Conspirator C, and Co-Conspirator D, which were sham quotes that were intentionally higher than Co-Conspirator A's proposal prices and/or Envistacom's price quotes, to ensure the sole-source awards." (*Id.* at 6). These allegations are clearly related to the antitrust violations the Antitrust Division investigates and as a federal felony, the conspiracy charged in Count One is the type of offense the Antitrust Division can prosecute. Therefore, Hayes's objection on this ground is overruled.

### III.   Conclusion

The Court **GRANTS** Flores's motion to adopt Hayes's objections (Doc. 105), **OVERRULES** Hayes's objections (Doc. 104), **ADOPTS** the R&R (Doc. 95) in its entirety as the Order of this Court, and **DENIES** Hayes's and Flores's motions to dismiss (Docs. 80, 81).

**SO ORDERED** this 13th day of February, 2023.

_____
Victoria Marie Calvert
United States District Judge