# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number:   1:22-CR-00197-VMC-4 |
| | USM Number:   07433-510 |
| PHILIP FLORES | |
| | David Benowitz & Paulette Pagán |
| | Defendant's Attorney |

**THE DEFENDANT:**

The defendant was found guilty on count(s) 1-3 after a jury trial.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 371 | CONSPIRACY TO DEFRAUD THE UNITED STATES | November 2016 | 1 |
| 18 U.S.C. §§ 1031 and 2 | MAJOR FRAUD AGAINST THE UNITED STATES | November 2016 | 2-3 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

October 30, 2023
Date of Imposition of Judgment

*/s/ signature*
Signature of Judge

VICTORIA M. CALVERT, U.S. DISTRICT JUDGE
Name and Title of Judge

October 31, 2023
Date

Judgment in a Criminal Case
Sheet 2 -- Imprisonment

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: **4 MONTHS**.

The Court recommends that the defendant be allowed to serve his sentence at the Federal Prison Camp in Montgomery, Alabama.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons by 12:00 p.m. on January 16, 2024.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: PHILIP FLORES  
CASE NUMBER: 1:22-CR-00197-VMC-4                                                                                          Judgment -- Page **3** of **6**

Judgment in a Criminal Case  
Sheet 3 -- Supervised Release

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: **24 MONTHS**. Upon payment of the fine, the Court will consider a motion for early termination of supervised release.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.
4. You must cooperate in the collection of DNA as directed by the probation officer.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:   PHILIP FLORES
CASE NUMBER: 1:22-CR-00197-VMC-4                                                       Judgment -- Page **4** of **6**

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at:   www.uscourts.gov

I understand that a violation of any of these conditions of supervised release may result in modification, extension, or revocation of my term of supervision.

Defendant's Signature      _____    Date   _____

USPO's Signature         _____    Date   _____

DEFENDANT:   PHILIP FLORES
CASE NUMBER:  1:22-CR-00197-VMC-4                                                            Judgment -- Page **5** of **6**

## SPECIAL CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following special conditions of supervision.

You must make full and complete disclosure of your finances and submit to an audit of your financial documents at the request of your probation officer. You must provide the probation officer with full and complete access to any requested financial information and authorize the release of any financial information.  The probation office may share the financial information with the United States Attorney's Office.

You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

You must pay any financial penalty that is imposed by this judgment; and that remains unpaid at the commencement of the term of supervised release at the monthly rate of $250 plus 25% of gross income in excess of $2,500 month.   All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made payable to the Clerk, U.S. District Court, 2211 U.S. Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303. You must notify the Court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

DEFENDANT:   PHILIP FLORES
CASE NUMBER:  1:22-CR-00197-VMC-4                                                    Judgment -- Page **6** of **6**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

        Special Assessment

TOTAL      $300

        Fine

TOTAL      $50,000.00